FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 NOV -3  PM 4: 53

LORETTA G. WHYTE
     CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LIBERTY SHELL, INC.** | CIVIL ACTION |
| **VERSUS** | NO: 04-1770 |
| **SHELL OIL COMPANY, ET AL.** | SECTION: "B" (4) |

### ORDER AND REASONS

Before the Court is the **Plaintiff's Second Motion to Amend (doc. #76)**, filed by the plaintiff, Liberty Shell, Inc., ("Liberty") to: (1) add the following eleven Florida gas station owners/operators as plaintiffs/class representatives: Habib Petroleum, Boyton Service Center, Miami Gas Stations, Inc., PG Oil, Inc., Cypress Auto Care, Inc., Bay Point Oil Corp., Warren's Shell, Inc., Trevi LLC, Ferob Corporation, Arthur Godfrey Road Gas, Inc., and Sathya, Inc.; and (2) add a breach of contract claim for defendants' delivery of substandard fuel. The defendants, Motiva Enterprises, LLC, Shell Oil Company, and Shell Oil Products Company, LLC (collectively "the defendants") oppose the motion.

The Court heard the matter on May 25, 2005.

### I.  Factual and Procedural Background

#### A.  The Original and First Amended Complaint

Liberty, an independent gas station operator, seeks to represent those gas station

1

owners/operators who were forced to temporarily close their stations after receiving sulfur-tainted fuel from the defendants' refinery. The tainted fuel could damage customers' vehicles. Liberty alleges that those owners/operators suffered economic loss due to these closures and that the defendants are liable because they manufactured and distributed substandard fuel, failed to warn the station operators/owners of the tainted fuel, failed to timely correct and remediate the damages, and breached Louisiana products liability law. In November 2004, the Court granted Liberty's motion to amend the geographic class definition to not only include Louisiana based gas station owners but also to include Mississippi and Florida gas station owners.[1]

### C. The Proposed Second Amended Complaint

Liberty now seeks to add eleven additional Florida gas station owners/operators ("the proposed parties") as putative class representatives. Liberty contends that the addition of the proposed parties should be allowed because their addition is a natural progression from its first amended complaint expanding the geographic class definition to include Mississippi and Florida gas station owners. Liberty also seeks to add a breach of contract claim pursuant to the Uniform Commercial Code.

The defendants object claiming that the deadlines for class certification discovery and briefing have lapsed and the amendment disrupts the existing scheduling order.

## II. Standard for Granting Leave to Amend

### A. Rule 15

Federal Rule of Civil Procedure 15(a) governing the amendment of pleadings, provides that

---

[1] See Rec. Doc. Nos. 15 and 27.

2

leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Thus, Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998).

However, the Court's granting of leave to amend is by no means automatic. *Addington v Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). The decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court. *Id.* In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981).

Defendants argue, however, that because Liberty's proposed amendment is offered outside the confines of the initial scheduling order entered on August 24, 2005, Federal Rule of Civil Procedure 16(b) governs any amendment. Rule 16(b) provides that "a schedule shall not be modified except on a showing of good cause." FED. R. CIV. P. 16(b). However, the scheduling order provides no deadlines for amending the pleadings. The scheduling order deals solely with class certification issues. Thus, Rule 16 is not relevant to an analysis of this motion to amend.

### A. <u>Breach of Contract Claim</u>

Liberty contends that the breach of contract claim completes its claim and should not be a surprise to the defendants. Thus, it argues that the Court should allow the amendment under the liberal policy of Rule 15.

The defendants first allege that Liberty untimely delay in bringing the contract claim. They

further allege that adding a new claim would be extremely prejudicial by requiring the reopening of the class certification discovery that closed four months before Liberty filed the subject motion. Liberty also alleges that the proposed amendment would require re-analysis of the certification issue and a re-submission of any discovery to their experts, followed by a re-submission of their class certification briefs to the District Judge. Currently, Liberty's motion for class certification certification motion is pending before the District Judge.

When reviewing a proposed amendment under the Rule 15 standard, the Court considers whether Liberty unduly delayed in bringing the claim. *See Gregory*, 634 F.2d at 203. At a November 3, 2004, counsel for Liberty asserted in a colloquy with this Court that:

| | |
|---|---|
| MR. LAPLACE: | ". . . [v]ery simply, there's no claim in even our lawsuit for breach of contract." |
| COURT: | "You're just saying selling of a defective product." |
| MR. LAPLACE: | "That's correct."[2] |

As evidenced by this exchange, Liberty knew of a possible breach of contract claim, but did not assert it. In attempting to now assert this claim, Liberty never explains why it did not bring the claim early in the litigation but instead waited eleven months. When, as here, "there has been an apparent lack of diligence, the burden shifts to the movant to prove that the delay was due to excusable neglect." *Chitimacha Tribe of Louisiana v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1163 (5th Cir. 1982). Liberty's conclusory statement that this portion of the amendment "completes its

---

[2] Rec. Doc. No. 36 - November 3, 2004 Hearing Transcript, pp. 8 and 13.

4

claim," in the absence of any explanation for its delay, provides no support for amending the complaint.

Further, Liberty cannot now disingenuously claim that "[t]he inclusion of the breach of warranty claim . . . is surely not a 'surprise' to" the defendants. Liberty's motion to add a breach of contract claim six months after specifically representing to the Court that "there's no claim in even our lawsuit for breach of contract" is, in fact, surprising. This argument also provides no excuse for Liberty's delay and provides no support for granting its motion. This Court concludes that Liberty unduly delayed bringing this claim.

The Court is not "obliged to be imposed upon by the presentation of theories seriatim." *Gregory*, 634 F.2d at 199. Because Liberty knew early in the litigation that a breach of contract claim existed but chose not to pursue it, and given the lack of explanation for not pursuing the claim earlier and the potential prejudice to the defendants, the Court concludes that amending the complaint to add a breach of contract claim at this time is improper.

### B. Joining the Florida Operators

Liberty also seeks to add the Florida operators as class representatives. It received a list identifying the Florida operators on January 2005. Liberty's class certification briefing was due on February 4, 2005. Liberty explains its filing of this motion three months after its class certification briefs were due by indicating that it was conducting class certification discovery, preparing and filing class certification briefs, and litigating different motions in this case in January and April 2005. Liberty further contends that the addition of the defendants will result in no prejudice to the defendants.

The defendants, however, allege that the addition of the proposed parties is prejudicial because it will require the re-opening of discovery. They also argue that the addition of the Florida operators will require the same re-analysis of the certification issue, the re-submission of the discovery to their experts, and the re-submission of their class certification briefs to the District Judge as outlined above.

Additionally, Liberty does not explain how the addition of parties to the class will not affect the class certification issue pending before the District Judge. Instead, Liberty articulated that additional class certification discovery could be conducted on a "triple track" schedule. The defendants contend they would be unable to accommodate Liberty's schedule. Further, the Court is skeptical that Liberty could follow this triple track schedule given their already repeated requests for discovery extensions.[3] The Court notes that the parties to this case first agreed on the deadlines in the scheduling order before submitting the proposed order to the District Judge. Thus, Liberty could not meet the deadlines it agreed to meet in the first instance, and the Court finds it unlikely that it could meet the proposed triple track schedule.

Liberty's sole explanation for its delayed filing of the subject motion is that it was too busy to file the motion. This does not provide the Court with the a showing of "excusable neglect." *See Chitimacha*, 690 F.2d at 1163. Thus, the Court finds this argument unpersuasive and of insufficient weight to overcome Liberty's delay in bringing the motion.

Further, the Court is not convinced by Liberty's contention that no prejudice will result if the proposed parties are added. Other courts have considered that adding plaintiffs after the close

---

[3]*See* Doc. Rec. Nos. 26, 48, and 50 for Orders granting extensions to Liberty.

of class discovery and after class certification briefs were filed and argued is prejudicial. *See Ostrof v. State Farm*, 200 F.R.D. 521, 529 (D. Md. 2001) (citing *In re Norplant Contraceptive Products Liab. Litig.*, 163 F.R.D. 258 (E.D.Tex. 1995)). As one court noted, an amendment requiring the re-opening of class discovery is "precisely the sort of prejudice that justifies denial of a motion to amend under Rule 15(a)." *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 438 (8th Cir. 1999). This Court agrees, concluding that because the addition of the proposed parties at this late date could require the defendants to reopen discovery and possibly re-brief the certification issue currently pending before the District Court, the proposed amendment is improper.

Accordingly,

**IT IS ORDERED THAT** the **Plaintiff's Second Motion to Amend (doc. #76)** is hereby **DENIED.**

A recording of this hearing was made by the Court. The Court Recorder Supervisor is designated as custodian of the cassette tape used to record the hearing. To obtain a copy of this proceeding for the Court's findings, the parties should contact Betty DiMarco, Court Recorder Supervisor, (504) 589-7721.

Houston, Texas, this 31st day of October 2005.

_____
KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE